IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-160 |
| | ) | |
| DUSTIN MORGAN, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Counsel for Defendant Dustin Morgan, who has been appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, has moved by way of his Motion to Declare Case Complex and Extended for Purpose of Additional Compensation and Interim Payments [Doc. 106], for a waiver of the case compensation maximum limit and for interim payment of attorney compensation. The Criminal Justice Act and the Guide to Judiciary Policy provides for a maximum compensation limit of $9,700 for each attorney in a non-capital case charging one or more felonies. 18 U.S.C. § 3006A(d)(2) (providing that the case compensation maximums shall increase "simultaneously" with changes in the hourly rate); 7 Guide to Judiciary Policy, Chapter 2-Appointment and Payment of Counsel, §§ 230.23.10(h), 230.23.20(a) (hereinafter Guide). Payment in excess of the $9,700 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit or his or her designee. 18 U.S.C. § 3006A(d)(3).

In the present case, counsel requests that the case be declared extended and complex due to the number of Defendants involved and the complexity of the case, which involves a large

1

volume of discovery to review and requires an unusual amount of time to prepare for and conduct the trial of the case. Counsel asserts that the time necessary for preparation of pretrial motions and of the case as a whole has been abnormally lengthy due to these factors. He states that the trial of the case is estimated to take six weeks. He explains that the preparation of this case has and will greatly reduce the time he has available to devote to other parts of his law practice. Accordingly, counsel argues that the case qualifies as complex and that interim payments are warranted. The Government has not responded to this motion.

The following regulation is pertinent to the question of whether or not the $9,700 maximum on compensation should be waived:

> (a) Overview
>
> > Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended **or** complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit (or by an active or senior circuit judge to whom excess compensation approval authority has been delegated).
>
> (b) Extended or Complex Cases
>
> > The approving judicial officer should first make a threshold determination as to whether the case **is either** extended or complex.
> >
> > -If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex."
> >
> > -If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."

2

        (c) Determining Fair Compensation

> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:
>
> -responsibilities involved measured by the magnitude and importance of the case;
>
> -manner in which duties were performed;
>
> -knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;
>
> -nature of counsel's practice and injury thereto;
>
> -any extraordinary pressure of time or other factors under which services were rendered; and
>
> -any other circumstances relevant and material to a determination of a fair and reasonable fee.

7 <u>Guide</u>, Chapter 2, § 230.23.40. "Case compensation limits apply only to attorney fees." 7 <u>Guide</u>, Chapter 2, § 230.23.10(d). There is no limit on the presiding judge's authority to reimburse counsel's **expenses** except as to compensation for investigators and other experts. 18 U.S.C. § 3006A(e); 7 <u>Guide</u>, Chapter 2, §§ 230.23.10(d), 230.63.10.

        In this case, Defendant Morgan is charged [Doc. 77] with conspiring with three other named codefendants to distribute and to possess with intent to distribute controlled substances from May 2009 to December 14, 2010, during their operation of Breakthrough Pain Therapy Center. Defendant Morgan is also charged with the possession of a firearm in furtherance of a drug trafficking crime. Discovery in this case consists of 24 CD's containing over 27,000 documents and recorded conversations. Counsel for Defendant Morgan states that the review of this discovery has

3

taken an inordinate amount of time. Additionally, counsel seeks to review patient files from Breakthrough Pain Therapy, which are in the possession of codefendants.

This Court has declared [Doc. 37] the case to be "complex" for purposes of the Speedy Trial Act based upon the number of defendants involved in this case, the nature of the prosecution including the voluminous discovery, and the existence of novel questions of law raised in the pretrial motions. 18 U.S.C. § 3161(h)(7)(B)(ii). Presently pending before this Court are thirteen pretrial motions, four of which were filed by Defendant Morgan. With regard to Defendant Morgan, the Court finds that the preparation and litigation of the pretrial motions and trial preparation has required and will require "more time, skill, and effort" on the part of defense counsel than typically required in the average case, rendering the case "complex." See 7 Guide, Chapter 2, §230.23.40(b). Moreover, this case has reasonably required more time for pretrial proceedings than the typical case, making it "extended." See id.

Because of the number of Defendants, the nature of the charges asserted in the indictment, and the extensive nature of the pretrial litigation in this case, it is the opinion of the undersigned that this case meets the definition of being both "complex" and "extended" as set out above and that excess payment may well be necessary to provide fair compensation to counsel. See 7 Guide, Chapter 2, § 230.23.40(c). Of course, each voucher will be scrutinized by the Court and a determination will be made as to whether a fair and reasonable fee is claimed. The case is presently scheduled to be tried on September 11, 2012. It is also the Court's opinion that it is necessary and appropriate to approve interim payments to counsel for fees and out-of-pocket expenses. See 7 Guide, Chapter 2,§ 230.73.10.

For the reasons indicated, it is **RECOMMENDED** that the District Court sign and

4

Case 3:10-cr-00160-TAV-HBG   Document 108   Filed 05/01/12   Page 4 of 6   PageID #: 450

forward the attached "Memorandum and Order Concerning Excess and Interim Payments" to the chief judge of the circuit or her designee. This procedure is approved in Chapter 2 and Appendix 2C to the Guide to Judiciary Policy. If the chief judge or her designee approves the request, the regulations provide that the Court should then take the following steps:

> (1) The Memorandum and Order Concerning Excess and Interim Payments should be filed with the clerk; and
>
> (2) A copy of that document should also be sent to the CJA claims coordinator at the Criminal Justice Act Claims Section, Financial Management Division, Administrative Office, United States Courts.

Also, counsel seeking excess and interim payments should take the following steps:

> (1) Form CJA 20 should be submitted with full documentation of all expenses claimed on the voucher;
>
> (2) A number should be assigned to each voucher processed for payment;
>
> (3) Item 19 of Form CJA 20 must be completed to indicate the time period covered by the voucher and whether it is for the final payment or for an interim payment; and
>
> (4) The final voucher should:
>
>> (a) set forth in detail the time and expenses claimed for the entire case;
>>
>> (b) reflect all compensation and reimbursement previously received;
>>
>> (c) show the net amount remaining to be paid; and
>>
>> (d) be approved by the chief judge of the circuit or her designee if the total claim for the case is in excess of the statutory limits.

7 Guide, Part A-Guidelines for Administering the CJA and Related Statutes, Appendix 2C.

5

## CONCLUSION

For the reasons stated herein, it is **RECOMMENDED** that the Motion to Declare Case Complex and Extended for Purpose of Additional Compensation and Interim Payments [**Doc. 106**] be granted pursuant to the procedures in the Guide to Judiciary Policy and as set out above.[1]

**IT IS SO ORDERED.**

                        Respectfully submitted,

                        s/ H. Bruce Guton
                        United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).