UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DUSTIN MORGAN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:21-CV-118-TAV-HBG |
| | ) | 3:10-CR-160-TAV-HBG-4 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Petitioner Dustin Morgan has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 416].[1] The government has responded in opposition [Doc. 16]. This matter is now ripe for the Court's review. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and his motion will be **DENIED**.

## I. Background

In 2013, a jury convicted Petitioner of conspiring to distribute and possessing with intent to distribute Schedule II and Schedule IV controlled substances, in violation of

---

[1] Petitioner titles his filing Motion to Proceed with Application for Leave to File a Successive 2255 Motion and Rehearing. However, this is Petitioner's first motion pursuant to § 2255, and the Court considers it accordingly.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), and (b)(2) in addition to possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) [Doc. 254]. Petitioner was sentenced to 204 months' imprisonment [*Id*]. He appealed, and the Sixth Circuit affirmed his convictions and sentence. *United States v. Kincaid*, 631 F. App'x 276, 285 (6th Cir. 2015). On July 26, 2017, the Court entered an amended judgment, reducing Petitioner's term of imprisonment to 120 months [Doc. 359]. Petitioner then filed the present motion, seeking relief under 28 U.S.C. §2255.

## II. Analysis

Petitioner disputes his conviction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and additionally challenges the sufficiency of the evidence for his convictions and suggests that counsel was constitutionally ineffective. Pursuant to these claims, Petitioner files this collateral attack. The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir.

2

2006). He must clear a significantly higher hurdle than would exist on direct appeal, *United States v. Frady*, 456 U.S. 152, 153 (1982), and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### A. *Davis* Claim

Petitioner disputes his convictions in light of the Supreme Court's holding in *Davis* which invalidated 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague [Doc. 416 p. 1]. Since the case is retroactively applicable on collateral review, Petitioner attempts to apply it to his case.[3] Section 924(c) may be violated by possessing a firearm "during and in relation to any crime or violence or drug trafficking crime." However, *Davis* invalidated a portion of the definition outlining what qualifies as a "crime of violence" and therefore only affects the cases of defendants whose underlying offense qualified under that provision. Those who were convicted of possessing a firearm in furtherance of a "drug trafficking crime," like Petitioner, remain unaffected. Petitioner's claim therefore is rejected as meritless.

### B. Non-*Davis* Claims

Petitioner also challenges the sufficiency of the evidence of his convictions [Doc. 416 p. 5 (arguing the government relied on "third parties [sic] unproved statements"

---

[3] Petitioner's claim in light of *Davis* was timely filed within one year of the decision. 28 U.S.C. § 2255(f)(3).

[sic] to prove their case; "So where is the government's proof?"] and suggests counsel was constitutionally ineffective [*Id.* p. 6 ("His then attorney did zero investigations, did no interviews for witnesses . . . . presented zero counter defense"). However, these claims are untimely.[4] Petitioner's judgment became final in January 2016, upon expiration of the time to seek *certiorari*. Petitioner had until January 2017 then to file a timely § 2255 motion raising these claims. This motion was filed in June 2020 [Doc. 416].

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to demonstrate that he is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day."). Petitioner has not alleged that equitable tolling applies here.

---

[4] The government also notes that the sufficiency claims had previously been litigated, with the Sixth Circuit having rejected his claims in affirming his conviction. *Kincaid*, 631 F. App'x at 283–84. Pursuant to the law of the case doctrine, the government states Petitioner may not relitigate them now. *United States v. Oglesby*, 55 F. App'x 353 (6th Cir. 2003) ("The doctrine dictates that issues, once decided, should be reopened only in extraordinary circumstances."). This Court agrees.

4

Therefore, since his motion was filed long after the statute of limitations had run, his claims regarding sufficiency of the evidence and ineffective assistance of counsel are untimely and are rejected.

### III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside or correct his sentence [Doc. 416] will be **DENIED**.[5] The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter **DENYING** the motion [Doc. 416].

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[5] In the final sentence of his motion, Petitioner "asks for appointed of counsel further on" [Doc. 416]. Since the Court is denying his motion to vacate, his request for counsel is **DENIED as moot**.

5